UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**THIRD DEGREE FILMS**

*Plaintiff,*

v.

**DOES 1 – 39,**

*Defendants.*

*Case No.:* **1:12-cv-10763-WGY**

## MOTION FOR CLARIFICATION

Plaintiff moves for the entry of an order clarifying an Order of this Court (ECF. No. 21) issued October 16, 2012. There are varying interpretations of this Order. The Order set forth the following:

> For reasons stated in Third Degree Films v. Does 1-47, No. 12-10761-WGY, 2012 WL 4498911 (D. Mass. Oct. 2, 2012), Does 2-39 are severed from the case and dismissed without prejudice, subject to Third Degree filing individual complaints against them within thirty days of this order.

*Id.* The confusion is whether at the expiration of the thirty-day window, dismissals of Does are automatically converted from *without prejudice* to *with prejudice*, because the Plaintiff chooses not file individual complaints against relative Does.

The Plaintiff did **not** interpret the Order to mean Does would be automatically converted to dismissals *with prejudice* if individual complaints were not filed against individual Does within the thirty-day period. Otherwise, Plaintiff would have pursued a different courses of action.

Plaintiff's interpreted of the above-quoted Order as dismissing Does 2 – 39 *without prejudice* from the above-captioned case while providing Plaintiff a thirty-day window. This

window, Plaintiff reasoned, was to preserve the tolling of the statute of limitations[1] that was accomplished by Plaintiff's filing of the Complaint on April 28, 2012. In other words, Plaintiff would not suffer "a penalty" of having a claim expire between date of the complaint filing and the date thirty days after the severance order.

Also, nothing in the Court's Order suggested to the Plaintiff that Dismissals would be automatically converted to *with prejudice* if individual complaints were not filed against individual Does within the thirty-day period.

However, at least one attorney feels differently. The attorney for a purported Doe defendant has asserted that the Plaintiff's lack of filing individual complaints converts dismissals to *with prejudice*. *See* No. 1:12-cv-10535 (D. Mass.), ECF No. 26, "MOTION ENTER JUDGMENT PURSUANT TO FED. R. CIV. P. 58(d) OR DISMISS PURSUANT TO FED. R. CIV. P. 41(b) re 25 Order, by John Doe 41." That is, according to that attorney, Plaintiff was required to file a separate new case against individuals Doe in the above-captioned case within thirty-days of the Order or else face the loss of potential claims against those individual Does.

If Defendants' interpretation is indeed the correct interpretation, Plaintiff will be severely harmed. Plaintiff will not have the opportunity to pursue claims against infringers. Practically speaking, Plaintiff will have suffered a `shortened` statute of limitations. Also, a dismissal *with prejudice* `may` operate as adjudication on the merits. In that situation, Plaintiff may face `floods` of motions from `purported` Doe defendants (not yet named). These motions would demand Plaintiff to pay fees incurred by such `purported` Doe defendants.

Again, if Plaintiff would have known that the Order automatically converted a dismissal from *without prejudice* to *with prejudice*, Plaintiff would have pursued a different course, *e.g.* filing as many individual suits as feasible and reasonable, seeking more early discovery for

---

[1] *See* 17 USC § 507(b) (three years for a copyright infringement case).

certain Does, and dismissing certain Does without prejudice.

Accordingly, if the Court agrees with the Defendants' interpretation, Plaintiff respectfully requests this Honorable Court grant an enlargement of time, at the very least[2], of sixty days to file against individual defendants. Alternatively, if Court does not enlarge time, Plaintiff respectfully requests this Honorable Court grant an enlargement of time of fourteen days to file an opposition to a motion submitted by Doe 12 in Third Degree Films v. Does 1 – 39, (D.Mass.) 1:12-cv-10763 (ECF No. 22).

*Dated*: December 14, 2012

Respectfully submitted,

*[signature]*

Marvin Cable, BBO#: 680968
Law Offices of Marvin Cable
P.O. Box 1630
Northampton, MA 01061
E: law@marvincable.com
P: (413) 268-6500
F: (888) 691-9850

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2012, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

*[signature]*
Marvin Cable, Esq.

---

[2] Sixty days is required at least because: (1) the large amount of both time and money to file and maintain dozens of lawsuits comes unexpected, and Plaintiff would need additional time to gather resources required to filed dozens of suits; (2) Plaintiff would be flooding the court with dozens and dozens of separate suits within thirty days, and considering the amount of resources this Honorable Court and District is providing and has provided the Plaintiff, Plaintiff would like to not suffocate our Courts much further.